```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

                                :
STEVE JONES
                                :

    v.                          :   Civil Action No. DKC 23-2340

                                :
NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY               :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this insurance coverage dispute are (1) the motion to compel appraisal and stay litigation pending appraisal filed by Plaintiff, Steve Jones ("Mr. Jones") (ECF No. 20), (2) the motion of Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") for sanctions, or in the alternative, motion to compel (ECF No. 22), (3) Nationwide's motion to strike expert designation and preclude testimony (ECF No. 23), and (4) Nationwide's motion to strike, or in the alternative, motion for leave to supplement opposition (ECF No. 27). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Mr. Jones' motion to compel appraisal and stay litigation pending appraisal will be denied, Nationwide's motion for sanctions, or in the alternative, to compel will be granted in part and denied in part, Nationwide's motion to strike expert designation and preclude testimony will be granted, and

Nationwide's motion to strike, or in the alternative, motion for leave to supplement will be granted.

**I.   Background**

**A. Factual Background**

Mr. Jones owns property located at 8750 Plenty Highlands Place, Port Tobacco, Maryland 20677 (the "Property"). (ECF No. 1, at ¶ 8).[1]  The Property is covered by an insurance policy (the "Policy") issued by Nationwide.  (ECF No. 1 ¶ 8).  On April 29, 2021, a windstorm damaged the Property.  (ECF No. 1 ¶ 10).

Mr. Jones submitted an insurance claim to Nationwide, which completed an investigation and determined that only a portion of the claim was covered under the policy.  (ECF No. 25-2, at 1). Nationwide paid Mr. Jones $4,200 for his claim.  (ECF No. 1 ¶ 16). On June 8, 2021, Nationwide denied that the remaining damages claimed by Mr. Jones were covered under the policy.  (ECF No. 25, at 1-2).

Mr. Jones hired Semper Fi Public Adjusters LLC ("Semper Fi") to evaluate his claim and "secure proper indemnification from [Nationwide]."  (ECF No. 1, at 12).  On July 7, 2021, Semper Fi submitted a letter of representation to Nationwide requesting a copy of Nationwide's underwriting file, copies of Nationwide's communications with Mr. Jones, Mr. Jones' proof of loss,

---

[1] Nationwide notes that it is unoccupied rental property. (ECF No. 25, at 1).

Nationwide's recorded inspection, the reports Nationwide used to make a determination on Mr. Jones' claim, Nationwide's standard operation procedure for processing claims, photos taken during inspections of the Property, Mr. Jones' certified policy, and "any documentation related to previous claims from [Mr. Jones] for the three years prior to the April 29, 2021 claim." (ECF No. 1 ¶ 13). Semper Fi submitted an estimate for the scope of work on Mr. Jones' claim and has requested full indemnification on Mr. Jones' claim, which has been rejected by Nationwide. (ECF No. 1 ¶ 15). Semper Fi's estimate for restoration of the Property to its pre-loss condition is $148,463.70. (ECF No. 1 ¶ 16).

### B. Procedural Background

On August 25, 2023, Mr. Jones filed a complaint alleging breach of contract and failure to settle claims in good faith. (ECF No. 1). After an answer was filed, an initial scheduling order was entered. On December 6, 2023, the scheduling order was modified at the parties' request, setting the close of discovery for July 5, 2024, and the dispositive motions deadline for August 6, 2024. (ECF No. 16). The case was referred to Judge Sullivan for mediation. (ECF No. 18). Judge Sullivan scheduled a settlement conference for July 10, 2024. (ECF No. 19).

On May 7, 2024, Mr. Jones filed a motion to compel appraisal and stay litigation pending appraisal. (ECF No. 20). Nationwide filed an opposition to Mr. Jones' motion on May 21, 2024 (ECF

3

No. 25). On May 28, 2024, Mr. Jones filed a memorandum in support of his motion to compel appraisal and stay litigation (ECF No. 26). Nationwide filed a motion to strike Mr. Jones' memorandum in support on June 11, 2024 (ECF No. 27). Mr. Jones filed a supplemental memorandum in support of his motion to compel appraisal and stay litigation on June 26, 2024 (ECF No. 30).

On May 15, 2024, Nationwide filed a motion for sanctions, or in the alternative, a motion to compel discovery responses (ECF No. 22), and a motion to strike the expert designation of and to preclude the testimony of Jonathan Pezold ("Mr. Pezold") (ECF No. 23). Mr. Jones filed a response in opposition to Nationwide's motion for sanctions on June 14, 2024 (ECF No. 29), but has not responded to the motion to strike expert designation. On June 27, 2024, Judge Sullivan canceled the settlement conference until the current motions are resolved. (ECF No. 31).

## II. Analysis

### A. Motion to Compel Appraisal

According to the motion papers, Plaintiff notified Nationwide on April 16, 2024, of his invocation of the appraisal clause of the Policy. (ECF No. 20-1). Nationwide rejected the appraisal demand by letter on April 30, 2024. (ECF No. 20-2). The pertinent language in the Conditions section of the Policy is as follows:

> 8. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each

> party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described location is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
> Each party will:
>     a. pay its own appraiser; and
>     b. bear the other expenses of the appraisal and umpire equally.

(ECF No. 25-1, at 20).

Mr. Jones seeks an order compelling appraisal of the "amount of loss". (ECF No. 20, at 3). Nationwide asserts that the Policy's appraisal provision does not apply because Nationwide disputes coverage for the remaining portion of Mr. Jones' claimed damages, not the amount of loss. (ECF No. 25, at 6).

Appraisal clauses in an insurance contract provide an informal process for measuring the cash value, or amount, of loss, where other issues are reserved for determination elsewhere. *Aetna Cas. & Sur. Co. v. Ins. Comm'r.*, 293 Md. 409, 418 (1982)(citing to and quoting from *In re Delmar Box Co.*, 309 N.Y. 60, 63-67 (1955)). In that sense, "appraisal is analogous with arbitration. Consequently, [Maryland courts have] applied arbitration law to appraisal clauses in insurance policies." *Thompson v. Allstate*

5

*Prop. & Casualty Ins. Co.*, 22-cv-02379-JMC, 2024 WL 3161586, at *2 (D.Md. June 25, 2024) (citing *Brethren Mut. Ins. Co. v. Filsinger*, 54 Md.App. 357, 362-63 (1983)). Under the Maryland Uniform Arbitration Act ("MUAA"), "any provision in an insurance contract with a consumer that requires arbitration is void and unenforceable." Md. Code, Cts. & Jud. Proc. § 3-206.1(b)(1). However, that rule "does not apply to a [contract] provision that establishes an appraisal process to determine the value of property." *Id.* § 3-206.1(b)(2). Therefore, "the appropriate principle to be applied is that ordinarily an insured may compel an insurer to submit to appraisal." *Thompson*, 2024 WL 3161586, at *3 (quoting *Aetna*, 293 Md. at 420).

An appraisal may not be appropriate, however, "when the parties' dispute centers on whether the insured is entitled to coverage at all, rather than the exact value of loss than the parties agree is covered." *New Hope Church of God Waldorf v. Brotherhood Mut. Ins.*, 23-cv-2341-MJM, 2024 WL 3638031, at *1 (D.Md. Aug. 2, 2024) (citing *Thompson*, 2024 WL 3161586, at *3).

It is evident that the parties' dispute is about more than the value of covered loss; it is whether the remainder of Mr. Jones' claimed loss is covered at all. Until the issue of coverage is determined, an appraisal is premature and the motion to compel appraisal and stay litigation pending appraisal will be denied without prejudice.

**B. Motion for Sanctions, or in the Alternative, Motion to Compel**

Mr. Jones was served with interrogatories and a request for production of documents on December 6, 2023.  Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A) provide thirty days to respond to interrogatories and requests for documents, respectively.  Pursuant to Fed.R.Civ.P. 33 and 34, Mr. Jones' responses were due on January 5, 2024.  Mr. Jones did not respond by this date.

Nationwide argues that it was prejudiced by Mr. Jones' failure to provide discovery and that it is "unable to adequately prepare a defense . . . without [Mr. Jones'] responses and deposition." (ECF No. 22, at 6).  Nationwide further argues that Mr. Jones has caused it "to incur expenses in attempting to resolve this discovery dispute and required [Nationwide] to cancel [Mr. Jones'] deposition with less than a week's notice."  (ECF No. 22, at 6). Nationwide requests that the court sanction Mr. Jones by dismissing the present case with prejudice, or by ordering Mr. Jones to provide the requested discovery and a date for Mr. Jones to be deposed.  (ECF No. 22, at 7).

Mr. Jones avers that Nationwide's motion is moot because the requested discovery, although delayed, was provided on June 12, 2024.  (ECF No. 29 ¶ 2).  Mr. Jones also argues that any injury or prejudice claimed by Nationwide is self-inflicted because they

7

"refused to move forward" with a deposition before receiving paper discovery. (ECF No. 29 ¶ 3). Mr. Jones requests that the court deny Nationwide's motion for sanctions because sanctioning him for Nationwide's "choice not to utilize all discovery tools at its disposal seems draconian and unfair." (ECF No. 29 ¶ 5).

### 1. Responses to Discovery Requests

"A party seeking discovery may move for an order compelling" discovery responses if the opposing party fails to respond to a discovery request. Fed.R.Civ.P. 37(a)(3)(B). Rule 37(a)(5)(A) states in relevant part:

> If the motion [to compel discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A). Put simply, if the responses to a discovery request are provided after a motion to compel is filed, sanctions are mandatory, unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*; *see also Valle v. Wolff*, 627 B.R. 821, 828 (D. Md

2021)(collecting cases)("[C]ertain sanctions are mandatory—namely, an award of reasonable attorney's fees where a party provides discovery responses after a motion to compel is filed.").

Mr. Jones' responses were due over five months before they were produced. Mr. Jones admits that the discovery was past due, yet has not shown good cause, or any cause, for the delay. (ECF No. 29-1). Nationwide made repeated attempts to obtain Mr. Jones' responses. After the January 5, 2024 deadline passed, Nationwide requested the responses through written correspondence by February 4, 2024. (ECF No. 22-2, at 2). Mr. Jones' counsel did not respond. Nationwide requested the responses again on March 18, 2024 (ECF No. 22-2, at 1), and after a March 26, 2024 phone call, Mr. Jones' counsel provided assurances that the responses would be provided before April 29, 2024 (ECF No. 22-3). Mr. Jones did not provide the requested discovery and Nationwide canceled the April 29, 2024, deposition. (ECF No. 22-6, at 2-3). Nationwide has made numerous attempts to obtain the answers to interrogatories and document production, but Mr. Jones has, repeatedly and without justification, thwarted these attempts until the June 12, 2024, production. Because the discovery was eventually provided, the motion to compel discovery responses will be denied as moot, however the motion for sanctions will be granted.

Mr. Jones will be required to pay Nationwide's reasonable costs and attorneys' fees incurred in making this motion. None of

9

the exceptions to awarding attorney's fees apply in this case, because Nationwide tried in good faith to obtain answers from Mr. Jones before filing the motion, Mr. Jones' nondisclosure is not justified, and there are no other circumstances that make such an award unjust. Accordingly, Nationwide's counsel will be provided twenty-one days to file a motion for attorneys' fees and expenses incurred in filing the motion to compel.

### 2. Deposition Request

Discovery closed in this matter on July 5, 2024. (ECF No. 16). The deposition of Mr. Jones has not yet occurred, and Mr. Jones has proffered to the court that he will make himself available at a reasonably agreed upon time. (ECF No. 29).

Therefore, the court will allow Nationwide to take the deposition of Mr. Jones. Mr. Jones will be ordered to appear for deposition within twenty-one days of the date of this order or be subject to sanctions, including dismissal.

### C. Motion to Strike Expert Designation

Mr. Jones provided the preliminary expert designation of Mr. Pezold on April 2, 2024. (ECF No. 23-1). Nationwide filed a motion to strike the expert designation and to preclude Mr. Pezold from testifying, arguing that the expert designation is insufficient because it failed to include: (1) a report signed or prepared by Mr. Pezold; (2) any of Mr. Pezold's opinions in this case; (3) the facts or data reviewed or provided to Mr. Pezold;

10

(4) a statement of Mr. Pezold's qualifications; (5) any other cases Mr. Pezold has previously testified in; and (6) a statement of Mr. Pezold's compensation.  (ECF No. 23, at 3).  Nationwide pointed out these deficiencies to Mr. Jones' counsel on August 22, 2024, and Mr. Jones' counsel requested that Nationwide consent to an extension of the scheduling order deadlines (ECF No. 23-2, at 2-5).  No motion or stipulation to extend or the scheduling order deadlines was filed.  Mr. Jones has not opposed Nationwide's motion.

Fed.R.Civ.P. 26(a)(2) governs disclosure of expert testimony. The Rule provides in relevant part:

> [A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
> [] Unless otherwise stipulated or order by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain:
>
>   (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
>   (ii)  the data or other information considered by the witness in forming them;
>   (iii) any exhibits that will be used to summarize or support them;
>   (iv)  the witness's qualifications, including a list of all

11

>                         publications authored in the
>                         previous 10 years;
>              (v)    a list of all other cases in
>                         which, during the previous four
>                         years, the witness testified as
>                         an expert at trial or by
>                         deposition; and
>              (vi)   a statement of the compensation
>                         to be paid for the study and
>                         testimony in the case.

Fed.R.Civ.P. 26(a)(2). The United States Court of Appeals for the Fourth Circuit has explained:

> Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case. For this reason, [w]e give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).

*Carr v. Deeds*, 453 F.3d 593, 604 (4th Cir. 2006), *abrogated on other grounds by Wilkins v. Gaddy*, 130 S.Ct. 1175 (2010) (per curiam); *see also Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005); *Green v. Obsu*, No. 19-cv-2068-ELH, 2022 WL 2971950, *16 (D.Md. July 27, 2022).

The expert designation provided by Mr. Jones' counsel does not satisfy the requirements of Rule 26(a)(B)(2). Mr. Jones' counsel has not provided Mr. Pezold's report and the vague assertions about what Mr. Pezold's testimony is expected to include are insufficient to satisfy Rule 26.

12

Under Fed.R.Civ.P. 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed." Mr. Jones' counsel has not offered any justification to explain the failure to comply with the requirements of Rule 26(a)(2)(B). Where "a litigant refuses to comply with the requirements of [Rule 26(a)(2)(B)], he does so at his own peril." *Carr*, 453 F.3d 593.

Accordingly, Nationwide's motion to strike expert designation and preclude testimony will be granted.

### D. Motion to Strike Memorandum in Support of Motion to Compel, or in the alternative, Motion for Leave to Supplement Opposition

On May 28, 2024, twenty-one days after filing his motion to compel appraisal, Mr. Jones filed a purported memorandum in support of his motion. (ECF No. 26). Nationwide moves to strike the memorandum, or in the alternative, requests leave to supplement its opposition, arguing that Mr. Jones' memorandum includes new arguments not presented in the motion to compel or in Nationwide's opposition to the motion to compel. (ECF No. 27).

Local Rule 105.1 provides "[a]ny motion and opposition to a motion shall be filed with the Clerk and be accompanied by a memorandum setting forth the reasoning and authorities in support of it and a proposed order." After the motion is served, "[u]nless

13

otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion and any reply memoranda within fourteen (14) days after service of the opposition memoranda." Local Rule 105.2(a). A reply "must not present matters that do not relate to the [opposition]." Fed.R.Civ.P. 27(a)(3)(4).

Mr. Jones filed his motion to compel which included reasoning and legal authorities proffered to support his motion. (ECF No. 20). Although it did not have a separate memorandum attached, Nationwide filed its opposition on May 21, 2024. (ECF No. 25). Mr. Jones had the opportunity to file a reply, but not a memorandum with new arguments that failed to address those raised in Nationwide's opposition. That alone is sufficient reason to strike Mr. Jones' memorandum. Additionally, because Mr. Jones' motion to compel appraisal will be denied for the reasons previously discussed, the new arguments in the memorandum are futile at this time. Accordingly, Nationwide's motion to strike will be granted.

**III. Conclusion**

For the foregoing reasons, Mr. Jones' motion to compel appraisal and stay litigation will be denied, Nationwide's motion for sanctions, or in the alternative, to compel discovery will be granted in part and denied in part, Nationwide's motion to strike expert designation and preclude testimony will be granted, and Nationwide's motion to strike the memorandum in support, or in the

14

alternative, to grant leave to supplement its opposition will be granted.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge